**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**


**UNITED STATES OF AMERICA**

                                       **CASE# 1:10CR00027-SPM**

        **vs.**

**CARLINE CENEUS,**
**CABIOCH BONTEMPS, and**
**WILLY PAUL EDOUARD**

_____/


**GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS FOR**
**PRODUCTION OF GRAND JURY TRANSCRIPTS**

      COMES NOW the Government, by and through the undersigned attorneys, and responds

to the defendants' multiple motions for production of grand jury materials in this and other cases.

Def.'s Mot., ECF No. 119, 120, 134.[1]  Without outlining a sufficient basis for their requests, the

defendants have asked for three separate categories of grand jury materials.  The defendants'

requests stem from allegations of prosecutorial misconduct in an unrelated case that was indicted

in the District of Hawaii in 2010.  Based solely upon the unproven allegations in that unrelated

case, the defendants now ask this Court to take the extreme measure of releasing voluminous

material protected by the secrecy provisions of Rule 6(e).

      The defendants have made three separate requests.  First, they have asked for access to all

grand jury materials from their own case, asserting that prosecutors in this case may have made

---

[1] All motions were initially made by defendant Willy Paul Edouard, but defendants Cabiorch Bontemps and Carline
Ceneus have moved to adopt the motions.  See Deft.s' Mots., ECF Nos. 121, 122, and 138.

the same comments that are alleged to have been improper in the Hawaii case, <u>United States v. Sou</u>, Case No. 1:09-cr-00345-SOM. Def's Mot., ECF No. 119.  In a separate motion, defendants have requested transcripts from the <u>Sou</u> case, including transcripts of the trial, pretrial hearing, and grand jury proceedings in that matter.  Def's Mot., ECF No. 120.  In a third motion, defendants have requested the full transcripts of any and all proceedings in which Trial Attorney Susan French was a member of the prosecution team and where the indictments charged a crime under 18 U.S.C. § 1589.  The defendants specifically listed twenty-nine (29) cases presented in jurisdictions other than the Northern District of Florida. Def's Mot., ECF No. 134.

The defendants have not made a sufficient showing of particularized need to meet the criteria, established by Rule 6(e) of the Federal Rules of Criminal Procedure, to obtain any of the materials they seek.  Accordingly, the defendants are not legally entitled to the documents they request.  Nevertheless, the government is willing to comply voluntarily with portions of the defendants' requests, while opposing the legal basis therefore and opposing the remainder of the requests.

With regard to the request for grand jury transcripts in the instant case, the government is willing to provide the defendants with transcripts of the testimony of all witnesses who testified before the grand jury in this case, provided that this Court issues a protective order limiting the use of those transcripts to the purposes for which they are being disclosed.  However, the

government opposes the defendants' request for *non-testimonial* portions of the grand jury proceeding in this case (i.e. portions involving legal advice and comments), because those materials would not otherwise be discoverable and because the defendants have failed to make a showing of particularized need for those transcripts. The government does not oppose providing transcripts of those non-testimonial portions to this Court for *in camera* review.

Defendants' request relating to the Sou case, the government notes that the transcripts of the public hearings in that case are completely irrelevant to assessing the sufficiency of the indictment in this case. Nevertheless, because Rule 6(e) does not restrict disclosure of transcripts of public hearings, the government is willing to provide the defendants with any non-grand jury transcripts from the Sou case that are currently in the government's possession.

With regard to the third request, the government strenuously opposes the defendant's extraordinary motion for transcripts of grand jury proceedings in 29 matters that are completely unrelated to the instant case. The defendants have made this request without any showing of the requisite particularized need for such materials, and have failed to comply with Rule 6(e)'s requirement that such requests be initially filed in the district where the grand jury proceedings occurred. Fed. R. Crim. P. 6 (e)(3)(E)(i) and (F).

## I. FACTUAL AND PROCEDURAL HISTORY

A.    The Underlying Facts

The Indictment charges the defendants with the following conduct, which the government expects to prove at trial beyond a reasonable doubt. Between January and November 2008, the defendants conspired to lure Haitian workers into the Northern District of Florida under false

pretenses, and to hold the workers in a condition of forced labor by knowingly providing and obtaining the workers' labor thru prohibited means, including abuse of the legal process and threats of serious harm. The defendants made false representations to federal agencies about the terms and conditions of the workers' employment.

As charged in the indictment, the scheme began when the defendants submitted applications to state and federal agencies, including the United States Department of Labor (DOL) and the United States Bureau of Citizenship and Immigration Service (USCIS), to bring Haitian workers into the United States as temporary agricultural laborers under the "H-2A" non-immigrant guest worker program. In the DOL application, which required full disclosure of all terms and conditions of employment, the defendants certified, among other things, that the H-2A workers would be paid a prevailing wage and that the defendants would provide housing at no cost to the workers. Based upon these representations and others, the defendants received permission to bring in Haitian workers to fill temporary agricultural positions.

Defendant Carline Ceneus traveled to Haiti twice to recruit workers, traveling with defendant Edouard on one of those trips. In Haiti, defendants made material misrepresentations to entice Haitian workers to come work at farms in Gainesville, Florida. The misrepresentations included promises that the workers would be paid an hourly wage equal to the local prevailing wage, would be provided free room and board, and would become eligible for permanent residency in the United States after working six months a year for three years. In exchange, the workers were required to pay substantial up-front fees.

Knowing the workers were impoverished and would need to borrow money for the up-

front fees, and knowing that the available lenders had a reputation for charging high interest rates and enforcing repayment through threats and violence, the defendants insisted that the fees be paid prior to leaving Haiti. The defendants failed to disclose these fees on the forms they submitted to federal agencies, and defendant Ceneus insisted that the workers sign documents falsely denying that they had ever paid recruitment or transportation fees.

The recruited workers were interviewed at the United States Embassy and issued H-2A non-immigrant visas. When preparing the workers for their interviews, the defendants instructed them to deny having paid the defendants any recruitment fees. Visas were subsequently issued based upon the interviews and based upon the defendants' representations, which turned out to be false, about the working conditions the workers would find in the United States.

Once the workers arrived in Florida, the defendants confiscated their passports, provided them inadequate food and substandard housing, underfed them, reneged on the promised payment arrangements, exposed them to toxic chemicals, and used threats of serious harm and abuse of the legal process to hold the workers in the service of the defendants and the growers to whom the defendants provided the workers' labor. When workers complained about low wages, deductions from their pay for housing, and poor living conditions, defendants threatened them with deportation and exploited their fears of violent Haitian loan sharks by reminding them of the consequences of returning to Haiti before their debts were paid off.

Moreover, the defendants charged the workers for housing, food, and other necessities, despite the fact that the defendants had represented to DOL that housing would be provided free of charge. By adding these charges, the defendants ensured that the workers – however diligently

they worked – remained encumbered by substantial debts, thus extending the time during which the defendants were able to exploit the workers' fears of deportation in order to coerce the workers' continued labor.

Finally, the Indictment charges, the defendants subsequently attempted to conceal their scheme by threatening and corruptly persuading witnesses, in an effort to obstruct both a DOL investigation and a federal criminal investigation into their conduct.

B.      The Indictments

On June 22, 2010, a grand jury issued a four-count Indictment charging all three defendants with conspiring to commit forced labor in violation of 18 U.S.C. § 1589 and § 371 (Count 1) and with conspiring to commit visa fraud in violation of 18 U.S.C. §§ 371 and 1546 (Count 4); and further charging defendant Carlene Ceneus with document servitude in violation of 18 U.S.C. § 1592 (Count 2), and visa fraud in violation of 18 U.S.C. § 1546 (Count 3).

On October 19, 2010, the grand jury returned a Superseding Indictment. Counts 1-4 of the Superseding Indictment charged the same offenses as charged in the original indictment. In addition, the Superseding Indictment charges defendant Carline Ceneus with six counts of forced labor in violation of 18 U.S.C. § 1589 (Counts 5-10), and four counts of witness tampering, in violation of 18 U.S.C. § 1512 (Counts 11-14).

C.      Pending Motions

On August 5, 2011, United States v. Sou, Case No. 1:09-cr-00345-SOM, was dismissed in the interests of justice based upon an oral motion of the government made the preceding day. Media accounts related to that dismissal indicated that prosecutors, while questioning witnesses

before the grand jury, made references to "illegal" recruitment fees, when such fees had not been illegal at the time of the charged offenses.

On August 11, 2009, Defendant Edouard moved to obtain the grand jury transcripts from the instant case, based upon the <u>Sou</u> dismissal. In a separate motion filed on the same day Edouard requested all transcripts related to the <u>Sou</u> case. On August 25, Edouard requested copies of grand jury transcripts in all forced labor (18 U.S.C. § 1589) cases prosecuted by the lead attorney in the <u>Sou</u> case. Defendants Ceneus and Bontemps have joined in defendant Edouard's motions. The government will thus treat all motions as being submitted by all defendants and refers collectively to "the defendants' motions."

## II. ARGUMENT

The defendants request production of the grand jury transcripts because they assert that the transcripts will show that the government made misrepresentations about "illegal" recruitment fees and that such representations constituted prosecutorial misconduct. The government, without making any prohibited disclosure of matters occurring before the grand jury, avers that any references to the illegality of fees in the instant case would be neither misleading nor incorrect, because both the criminal and regulatory laws in effect at the time of the relevant conduct in this case rendered the charging of recruitment fees illegal under certain circumstances, including those alleged in this case. Thus, even assuming *arguendo* that prosecutors referred in the grand jury to "illegal" recruitment fees, the fact that such a reference was made would be insufficient to demonstrate the particularized need that is required for disclosure of materials protected by Federal Rule of Criminal Procedure 6(e).

Despite their flawed arguments, defendants request (1) the transcripts of witness testimony before the grand jury in the instant case; (2) the non-testimonial portions of the grand jury transcripts in the instant case, including those portions involving legal advice and instructions to the grand jury; (3) transcripts of public proceedings in the <u>Sou</u> case; and (4) grand jury transcripts in <u>Sou</u> and 29 other, unrelated, forced labor cases. Each of these requests is analyzed separately below. Based on that flawed premise, they seek the disclosure of vast amounts of protected grand jury material. The defendants request (1) the transcripts of witness testimony before the grand jury in the instant case; (2) the non-testimonial portions of the grand jury transcripts in the instant case, including those portions involving legal advice and instructions to the grand jury; (3) transcripts of public proceedings in the <u>Sou</u> case; and (4) grand jury transcripts in <u>Sou</u> and 29 other, unrelated, forced labor cases. Each of these requests is analyzed separately below.

A.     <u>Standard for Disclosing Grand Jury Transcripts</u>

It is a longstanding principle of the American criminal justice system that Grand Jury proceedings be secret. <u>United States v. Aisenberg</u>, 358 F.3d 1327, 1346 (11th Cir. 2004) (citing cases). Federal Rule of Criminal Procedure 6(e) codifies this principle and prohibits disclosure of grand jury material except in the limited circumstances provided for in Rule 6(e)(3). <u>Id.</u> Rule 6(e)(3)(E) contains five separate exceptions to the general rule of secrecy. The defendants make their request under Rule 6(e)(3)(E)(i) and (ii). Rule 6(e)(3)(E)(i) allows a court to order disclosure of grand jury materials "preliminary to or in connection with a judicial proceeding." Rule 6(e)(3)(E)(ii) allows disclosure, at the defendant's request, "if the defendant can show that a ground may exist to dismiss the indictment because of a matter that occurred before the grand

jury."

Given the rule of grand jury secrecy, a criminal defendant does not, by the simple
expedient of alleging prosecutorial misconduct, gain automatic access to the proceedings before
the grand jury which indicted him.  See United States v. Burke, 856 F.2d 1492, 1496 (11th Cir.
1988).  Instead, a defendant may succeed only by showing that he has a "particularized need" for
the transcripts.  Id. (citing United States v. Procter & Gamble Co., 356 U.S. 677, 683 (1958)).
"Particularized need is not shown by a general allegation that grand jury materials are necessary
for the preparation of a motion to dismiss."  Id. (citing cases).  Moreover, a "blanket request for
all ... grand jury materials ... cannot be described as the kind of  particularized request required for
the production of otherwise secret information."  Aisenberg, 358 F.3d at 1349; see also United
States v. Abusaid, 256 Fed.Appx. 289, 290-291, 2007 WL 4165940, 1 (11th Cir. 2007)
(unpublished; reaffirming Aisenberg).  Grand jury materials may not be released for the "purpose
of a fishing expedition or to satisfy an unsupported hope of revelation of useful information."
United Kingdom v. United States, 238 F.3d 1312, 1321 (11th Cir. 2001).  It is not even sufficient
for a defendant to show that grand jury materials would be relevant or useful to him.  United
States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (holding that particularized need was
not shown even though party requesting transcript had sufficiently shown the relevancy  and
usefulness of the testimony).

Instead, to show particularized need, "[p]arties seeking grand jury transcripts . . .  must
show that the material they seek is needed to avoid a possible injustice . . . that the need for
disclosure is greater than the need for continued secrecy, and that their request is structured to

cover only material so needed." Douglas Oil Co. of California v. Petrol Stops Northwest, 441

U.S. 211, 222 (1979); see also Aisenberg, 358 F.3d at 1347-48 (applying Douglas Oil).

Moreover, whenever the disclosure of grand jury materials is warranted, the secrecy of the

proceedings should be lifted "discretely and limitedly." Douglas Oil, 441 U.S. at 221.

B.     Witness Transcripts in the Instant Case

        The defendants claim that news articles regarding the Sou case establish that they have a

particularized need to review the grand jury transcripts in the instant case. Under Rule 6(e), the

defendants' citation of news articles in a different case does not constitute a showing of

particularized need to disclose grand jury transcripts.

        However, because the witness testimony before the grand jury in the instant case will be

disclosed to the defendants prior to or during trial in this case, the government does not oppose

expedited disclosure of the witness testimony. See Fed. R. Crim. P. 26.2; United States v. Jordan,

316 F.3d 1215, 1252 (11th Cir. 2003). In agreeing to immediate disclosure of the grand jury

testimony in the instant case, subject to a protective order, the government does not concede any

basis for an assertion of prosecutorial misconduct either in the instant case or in the Sou case.

Given the applicable laws and regulations discussed above, the defendants are incorrect in their

assertion that any reference to "illegal" recruitment fees would constitute a misrepresentation of

the law. Nevertheless, in the interests of affording defendants ample time to review the testimony,

the government will immediately provide the grand jury witness testimony to the defense, subject

to a protective order prohibiting further disclosure.

In order to maintain grand jury secrecy, the Government would request that the Court issue a protective order to prohibit further dissemination of grand jury materials beyond the defense in the instant case, and to limit the ways in which the material may be used. Rule 6(e)(3)(E) explicitly contemplates the use of such a protective order, stating that disclosure of 6(e) material may be made "at a time, in a manner, and subject to any other conditions that it directs." <u>See</u> Rule 6(e)(3)(E); <u>see also</u> <u>Douglas Oil</u>, 441 U.S. at 223 (noting that a court "may include protective limitations on the use of the disclosed material").

The government requests that this Court enter an order (1) limiting disclosure to each defense attorney of record and to any attorney, paralegal, investigator, or support staff in that attorney's office who is directly involved in the defense of this case; (2) forbidding defense counsel from providing defendants with copies of the transcripts (but allowing defendants to review the transcripts for the limited purpose of assisting in the defense of the case); (3) forbidding defense counsel from discussing the transcripts with anyone except for their clients, attorneys for the government, defense counsel of record for the co-defendants, and any attorneys, paralegals, investigators, or support staff in their office who is directly involved in the defense of this case; (4) forbidding defendants from discussing the contents of the transcripts with anyone other than with their attorneys; (5) forbidding the defendants from using the transcripts or any information contained therein, except in the defense of the pending charges; (6) requiring that any motions the defendants may chose to make based upon the transcripts be filed under seal; and (7) requiring that if either party seeks a modification of this order, they first obtain permission of this Court pursuant to a motion made under seal. A proposed order is attached.

C.    Non-Testimonial Portions of Grand Jury Transcripts in the Instant Case

Non-testimonial portions of the grand jury transcript are not usually subject to disclosure through the discovery process. As the defendants have made an insufficient showing of particularized need for such material, the government objects to the disclosure of these materials. Nonetheless, the government would not oppose providing these materials to the Court for *in camera* review to determine whether there is any basis for further disclosure. The government submits that this procedure will ensure that any disclosure of protected grand jury material is being made "discretely and limitedly" as required by law. Douglas Oil, 441 U.S. at 221.

D.    Transcripts of Public Proceedings: *Sou* Case

As discussed more fully below, the Sou case, involving different conduct and different evidence in a different jurisdiction, is irrelevant to the instant case. The defendants have articulated no cognizable basis for disclosure of materials from this wholly unrelated case. Nonetheless, because dissemination of public transcripts is not prohibited by Rule 6(e), the government is willing to provide the defendants with the copies of all such transcripts, currently in its possession.[2]

E.    Transcripts of Grand Jury Proceedings in *Sou* and Other Cases

Finally, the defendants request access to grand jury materials generated in twenty-nine (29) cases that are completely unrelated to the instant case. Given that the Eleventh Circuit has been

---

[2] The government objects to any request that it affirmatively seek transcription of proceedings held in connection with the Sou case. If the defendants want transcripts that are not already in the government's possession, they are free to order such transcripts themselves.

cautious about giving a defendant access to materials generated by the grand jury in their *own* cases (see, e.g., Aisenberg, 358 F.3d 1327, 1349; Burke, 856 F.2d at 1496 (11th Cir. 1988)), the defendants' request is nothing short of extraordinary.  It must be denied because (1) the request is improperly filed in this court; (2) there is no showing of particularized need for such transcripts; and (3) there is no showing of how the request is limited to the materials the defendants actually need to analyze whether they have any grounds to seek a dismissal of the indictment or any other relief.

1.  The Defendants Have Not Followed Proper Procedures for Obtaining Grand Jury Transcripts

Defendants request access to grand jury materials in twenty-nine (29) forced labor cases identified in the defendants' motion.  See Defendant Edouard's Motion for Production of Transcripts of All Grand Jury Proceedings from Any and All Cases in Which Susan French has Been a Member of the Prosecution Team, at 3-4.  The request encompasses grand jury proceedings from Sou in Hawaii as well as other districts outside the Northern District of Florida.

Rule 6(e)(3)(F) requires that a petition to disclose grand jury materials which is brought under Rule 6(e)(3)(E)(I)[3]  be filed in the district where the grand jury was convened.  See Charles

---

[3] The defendants cite Rule 6(e)(3)(E)(I) as one of the bases for their motion.  They also rely upon subsection (E)(iii).  Rule 6(e) provides no similar mechanism for obtaining materials from another district when the request has been made under subsection (E)(ii) (the other basis for the defendants' motion).  Subsection (E)(ii) provides limited circumstances for a criminal defendant to obtain grand jury materials on the ground that such material  might reveal a basis to dismiss the indictment pending against him.  Omission of a mechanism to seek materials from other districts is likely due to the fact that it was inconceivable to the drafters of the rules that any defendant could ever need materials from an unrelated defendant's grand jury proceeding in order to assert that impropriety occurred before the grand jury that indicted him.

Alan Wright, Andrew D. Leipold, Peter J. Henning, Sarah N. Welling, 1 Fed. Prac. & Proc. Crim. § 110 (4th ed. and 2011 update) ("The party seeking disclosure of grand jury material from a terminated criminal proceeding does so by filing a petition for disclosure as a civil action with the court in the district where the grand jury was convened."). The defendant's motion is thus improperly filed in this court.

The rules, however, do not envision that the district court in the district in which the grand jury proceeding occurred will make the final decision about the disclosure. <u>See</u> Rule 6(e)(3)(G). Unless the petitioned court has sufficient knowledge about the pending judicial procedure to make a final determination, the petitioned court where the grand jury proceedings were held must make an initial assessment of the secrecy concerns in its district, and then transfer the material to the court presiding over the subsequent judicial proceedings to make a final assessment. <u>See</u> 1 Fed. Prac. & Proc. Crim. § 110 (cited above). This process ensures that both the secrecy concerns and the asserted need for the materials are adequately assessed prior to disclosure. <u>See Douglas Oil</u>, 441 U.S. at 230-231 (explaining importance of involving both districts in making the disclosure decision).

Accordingly, the defendants' motion for grand jury materials from other judicial districts is not properly filed with this Court pursuant to Rule 6(e)(3)(F). In addition, as set forth below, the defendants have not made a sufficient showing of particularized need to warrant disclosure, and should accordingly be precluded from proceeding with this unfounded motion in the other judicial districts.

2.    The Defendants Have Not Established a Particularized Need

Even if the defendants had followed proper procedures to obtain the transcripts, their motion would fail because they have shown no particularized need for grand jury materials generated in unrelated cases. The defendants have done little more than make a "blanket request" for grand jury information, which the Eleventh Circuit has found insufficient even when a defendant's request is confined to proceedings before the grand jury which indicted him. Aisenberg, 358 F.3d at 1349.

 In support of their motion, the defendants make only the conclusory assertion that the transcripts of unrelated proceedings are "vital to the defense," See Defendant Edouard's Motion for Production of Transcripts of All Grand Jury Proceedings from Any and All Cases in Which Susan French Has Been A Member of the Prosecution Team, at 4. The defendants likewise argue that the unrelated proceedings may "be evidence of impropriety on the part of prosecution." Id. at 12. They also allege that they need the materials to "insure a full and fair disposition of their "potentially dispositive pre-trial motions." Id. at 11. These statements do not to satisfy the stringent requirement for showing a particularized need under the case law set forth above.

The defendants make the unsubstantiated assertion that transcripts of other grand jury proceedings will show "a pattern of prosecutorial misconduct" see id. at 2, ¶ 7. Yet, the defendants concede that any motion to dismiss the indictment that they may wish to file would not be predicated on an assertion of deliberate prosecutorial misconduct, and they would not be required to establish such misconduct. Id. at ¶ 9. Thus, by the defendants' own admission, the

unsubstantiated assertion of possible prosecutorial misconduct in other unrelated proceedings fails

to indicate that a "ground may exist to dismiss the indictment because of a matter that occurred

before the grand jury."

"As a general rule, district courts may not dismiss an indictment for errors in grand jury

proceedings unless such errors prejudiced the defendant. Thus, an indictment should be dismissed

only if it is established that the violation substantially influenced the grand jury's decision to

indict, or if there is grave doubt that the decision to indict was free from the substantial influence

of such violations." United States v. Pettway, 129 Fed.Appx. 583, 589, 2005 WL 1003972, 5

(11th Cir. 2005) (internal quotations omitted; quoting Bank of Nova Scotia, 487 U.S. 250, 254

and 256 (1988)).

Under this standard, if the defendants were to file a motion to dismiss based upon asserted

grand jury error, this Court would have to resolve (1) whether any misstatement of law was made

by a prosecutor or witness; and (2) whether that statement, taken in context, was one which

substantially influenced the grand jury's decision to indict. Because the grand jury in the instant

case was not exposed to statements prosecutors made before any other grand jury, there is no way

that such conduct could have had any influence over the grand jury's decision to indict. The grand

jury proceedings in other jurisdictions would therefore be wholly immaterial to any potential

defense motion in the instant case.

Even if the defendants could establish that the testimony would assist them in filing a

motion to dismiss, which they cannot do, this fact alone would be insufficient to entitle them to

production of the transcripts. <u>Procter & Gamble Co</u>., 356 U.S. at 682 (holding that particularized need was not shown even though party requesting transcripts had sufficiently shown the relevancy and usefulness of the testimony). The defendants must demonstrate that their need for the transcripts outweighs the public interest in grand jury secrecy. The defendants have made no such showing. <u>See</u> <u>Douglas Oil Co</u>., 441 U.S. at 222.

3.     <u>The Defendants' Request is Overly Broad</u>

Finally, the request must be denied because the defendants do not attempt to demonstrate their request is limited to the materials they actually need. <u>See</u>  <u>Douglas Oil</u>, 441 U.S. at 222; <u>See also</u> <u>Aisenberg</u> 358 F.3d at 1347-48 . Even assuming that the defendants could somehow establish some potential relevance of wholly unrelated proceedings, their excessively broad request would encompass materials far beyond the scope of the recruitment fee issue, resulting in violations of grand jury secrecy rules far exceeding the scope of any theoretically asserted need. Under <u>Douglas Oil</u> and its progeny, the defendants are entitled only to materials they actually need. The defendants have made no attempt to tailor their request to materials which they need, even under their erroneous assertions of a need to explore the issue of illegal recruitment fees.

**CONCLUSION**

For the reasons stated above, the government respectfully requests that the Defendants' Motion for grand jury transcripts in the instant case be granted to the extent that the government be ordered to provide transcripts of witness testimony to the defendants pursuant to a protective order. The government requests that the Court further order the government to provide transcripts

of the non-testimonial portions of the transcripts to the Court for *in camera* review.

Because the government represents that it will provide the defendants with those transcripts of public proceedings in the Sou trial that are in its possession, the government requests that the defendants' motion for production of such material be denied as moot. The government requests that the defendants' motion for grand jury materials in the Sou trial and in other criminal proceedings be denied in full.

Respectfully Submitted,

THOMAS E. PEREZ
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION


    */s/ Adriana Vieco*
ADRIANA VIECO
Trial Attorney, Civil Rights Division
Criminal Section
U.S. Department of Justice
New York Bar No. 2687036
601 D Street NW, Room 5542
Washington, DC   20530
(202) 305-4116


    */s/ Roy Conn III*
ROY CONN III
Trial Attorney, Civil Rights Division
Criminal Section
U.S. Department of Justice
District of Columbia No. 388208
601 D Street NW, Room 5528
Washington, DC   20530
(202) 514-4164

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**


**UNITED STATES OF AMERICA
CASE# 1:10CR00027-SPM
vs.**

**CARLINE CENEUS,
CABIOCH BONTEMPS, and
WILLY PAUL EDOUARD**
_____/

## GOVERNMENT'S PROPOSED PROTECTIVE ORDER

The Government has consented to disclosure of the grand jury transcripts and exhibits in the above styled case under certain conditions. This Court, having found good cause, hereby ORDERED AND ADJUDGED the following:

1. Disclosure shall be limited to each defense attorney of record and to any attorney, paralegal, investigator, or support staff in that attorney's office who is directly involved in the defense of this case;

2. Defense counsel may provide defendants the opportunity to review said grand jury transcripts for the limited purpose of assisting in the defense of the case. Defense counsel shall not, under any circumstances provide defendants with copies of said transcripts

3. Defense counsel shall not discuss the contents of the grand jury transcripts and respective exhibits with anyone except for their clients, attorneys for the government, defense counsel of record for the co-defendants, and any attorneys, paralegals, investigators, or support staff in their office directly involved in the defense of this case

4.  Defendants shall not discuss the contents of the grand jury transcripts or exhibits with anyone other than with their attorneys

5.  Defendants shall not use the grand jury transcripts, exhibits or any information contained therein, except in the defense of the pending charges

6.  Any subsequent defense motions referencing or discussing any grand jury transcripts, exhibits or content shall be filed under seal

7.  If either party seeks a modification of this order, the moving party must seek permission of this Court pursuant to a motion filed  under seal.


**DONE AND ORDERED** this ____ of September, 2011.


_____
Stephan P. Mickle
Senior United States District Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by electronic delivery and U.S. Mail delivery this 23nd day of September 2011,  to Lloyd L. Vipperman, Jr., Attorney for Defendant Carline Ceneus; Huntley Johnson, Attorney for Defendant Willy Paul Edouard; and Darren J. Johnson, Assistant Federal Public Defender, Attorney for Defendant Cabioch Bontemps.


   _/s/ Adriana Vieco_____

ADRIANA VIECO

Trial Attorney, Civil Rights Division