IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

CASE# 1:10CR00027-SPM

vs.

CARLINE CENEUS,
CABIOCH BONTEMPS, and
WILLY PAUL EDOUARD
_____/

## GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER TO DISCLOSE IMMIGRATION FILE AND ORDER

COMES NOW the Government, by and through the undersigned attorneys, and hereby applies to the Court for a protective order permitting disclosure of documents from the files of the Department of Homeland Security, U.S. Citizenship and Immigration Services (USCIS). Specifically, the government seeks a protective order permitting disclosure of immigration files of the thirty-five (35) victims in this case to defense counsels so that the government may satisfy its discovery obligations. The undersigned has conferred with all three defense attorneys and they have no objection to this motion.

Title 8, United States Code, Section 1367(a)(2) prohibits the Department of Justice from disclosing information about "an alien who is the beneficiary of an application for relief" under certain provisions of the Immigration and Nationality Act. The statute does not appear to contain a clear exception for disclosure to satisfy criminal discovery obligations. Title 18, United States Code, Section 3500(a) (Jencks Act), however, does require production of "any statement . . .of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." Furthermore, under the line of cases that include Brady v. Maryland,

373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), the government is constitutionally required to provide to defense any evidence favorable to the accused and material to guilt or punishment, including any evidence affecting government witnesses' credibility.

Here, the victims' immigration files contain statements and information that are potentially discoverable under the Jencks Act, Brady and Giglio. The government, therefore, moves the Court for an order permitting disclosure under the proposed protective order so that the government may satisfy its discovery obligations. The government will also redact any personal information including but not limited to social security numbers, addresses, etc. from the files.

Respectfully Submitted,

| | |
|---|---|
| PAMELA C. MARSH<br>United States Attorney | THOMAS E. PEREZ<br>ASSISTANT ATTORNEY GENERAL<br>CIVIL RIGHTS DIVISION |
| /s/ *F. T. Williams*<br>F. T. WILLIAMS<br>Assistant United States Attorney<br>Northern District of Florida<br>Florida Bar No. 0936219<br>300 E. University Avenue, Suite 310<br>Gainesville, FL 32601<br>(352) 378-0996 | /s/ *Adriana Vieco*<br>ADRIANA VIECO<br>Trial Attorney, Civil Rights Division<br>Criminal Section<br>U.S. Department of Justice<br>New York Bar No. 2687036<br>601 D Street NW, Room 5542<br>Washington, DC 20530<br>(202) 305-4116 |
| | /s/ *Roy Conn III*<br>ROY CONN III<br>Trial Attorney, Civil Rights Division<br>Criminal Section<br>U.S. Department of Justice<br>District of Columbia No. 388208<br>601 D Street NW, Room 5528<br>Washington, DC 20530<br>(202) 514-4164 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**UNITED STATES OF AMERICA**

CASE# 1:10CR00027-SPM

vs.

**CARLINE CENEUS,**
**CABIOCH BONTEMPS, and**
**WILLY PAUL EDOUARD**
_____/

**GOVERNMENT'S PROPOSED PROTECTIVE ORDER**

This Court, having found good cause, hereby **ORDERED AND ADJUDGED** that the government is PERMITTED to disclose the thirty-five (35) victims' immigration file to the defense, subject to the following conditions:

1. Disclosure shall be limited to each defense attorney of record and to any attorney, paralegal, investigator, or support staff in that attorney's office who is directly involved in the defense of this case;

2. Defense counsel may provide defendants the opportunity to review the victims' immigration files, in their presence, for the limited purpose of assisting in the defense of the case. Defense counsel shall not, under any circumstances, provide defendants with copies of the thirty-five (35) victims' immigration files and shall not permit any person to disclose in any manner the personal identifying and private financial information of third parties.

3. If defense counsel determines that additional persons are needed to review the materials, he must obtain further order of the Court before allowing any other

individuals to review the material.

4. A copy of this order shall be maintained with the materials at all times.

5. The contents of the thirty-five (35) victims' immigration files may be duplicated to the extent necessary to prepare the defense of this matter. Any pleadings that attach documents from the thirty-five (35) victims' immigration files must be filed under seal.

6. Within ten court days of the judgment and sentencing hearing in this matter, the thirty-five (35) victims' immigration files, as provided to defense counsel pursuant to this Order, and all other authorized copies, if any, shall be returned to the government. The government shall destroy them. If the defendant or defense counsel believes that he or she must maintain the materials for any reason related to appeal, the defendant must seek authorization from the District Court within five days fo the sentencing and judgement in this matter.

7. If either party seeks a modification of this order, the moving party must seek permission of this Court pursuant to a motion filed under seal.

**DONE AND ORDERED** this \_\_\_\_ of October, 2011.

_____
STEPHAN P. MICKLE
Senior United States District Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by electronic delivery and U.S. Mail delivery this 18th day of October 2011, to Lloyd L. Vipperman, Jr., Attorney for Defendant Carline Ceneus; Huntley Johnson, Attorney for Defendant Willy Paul Edouard; and Darren J. Johnson, Assistant Federal Public Defender, Attorney for Defendant Cabioch Bontemps.

                                               */s/ Adriana Vieco*
                                               ADRIANA VIECO
                                               Trial Attorney, Civil Rights Division