IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

CASE# 1:10CR00027-SPM

vs.

CARLINE CENEUS,
CABIOCH BONTEMPS, and
WILLY PAUL EDOUARD
_____/

**GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT EDOUARD'S MOTIONS FOR PRODUCTION OF DEFENDANT'S INTERNAL REVENUE TAX RECORDS AND FOR PRODUCTION OF REPORTS OF INVESTIGATION**

COMES NOW comes the Government, by and through the undersigned attorneys, and responds to two motions filed by defendant Edouard. In his first motion, defendant requests production of his own Internal Revenue Tax (IRS) records for the past 24 years - from 1987 to the present. In the alternative, defendant requests assistance from the Court to procure 24 years of tax returns. *Def.'s Mot., ECF No. 174.* In his second motion, defendant requests the government produce fifteen (15) Department of Homeland Security (DHS) Reports of Investigation (ROIs).[1] *Def.'s Mot., ECF No. 176.* The government is not in possession of <u>any</u> of the defendant's tax return and therefore is under no obligation to produce or obtain them. Moreover, requesting this Court provide the financial means for defendant to obtain his own tax returns for the past 24 years is irrelevant to the crimes charged and burdensome on the Court.

---

[1] Defendant is requesting ROIs number 28-31, 35-43, 45, 46 and 48.

Defendant's motion for production of fifteen ROIs is confusing because the government had agreed to provide counsel with all the requested ROIs, except ROIs that contain statements of government witnesses, which the government would provide at trial pursuant to Title 18 U.S.C. § 3500. Thus, the government respectfully requests that both of defendant's motions be denied in their entirety.

I. Defendant's Income Tax Returns from 1987 to Present

Defendant seeks production of his own income tax returns for the past 24 years from the government, despite the government informing defense counsel on two occasions, December 15 and 20, 2011, that the government was not in possession of any of the defendant's tax returns.[2] Under Rule 16 of the Federal Rules of Criminal Procedure the government is required to disclose those items or portions thereof, which are in the possession, custody or control of the government and which are material to the preparation of the defense, which the government intends to use in its case-in-chief, or which were obtained from or belong to the defendant. Fed. R. Crim. P. 16 (a)(1)(E) and N.D. Fla. Loc. R. 26.3(B)(3). Because the tax records sought by the defendant are not within the possession, custody or control of the government, the government is under no

---

[2] In his motion, defendant fails to mention that on December 15, 2011, the undersigned informed counsel that the government was not in possession of his client's tax returns. Defense counsel suggested the government obtain his tax returns so that he could avoid paying the fees to obtain them. The government was also no aware that the time period defendant was seeking spanned 24 years.

obligation to produce them.

In the alternative, defendant seeks the Court's financial assistance in the amount of $1368.00 to obtain 24 years worth of his income tax returns (1987 to the present).[3] Defendant also proposes that the Court avoid the $1368.00 expense by having "the government providing [sic] the requested IRS records. " *Def.'s Mot., ECF No. 174 at 2*. Defendant fails to provide the Court with any supporting case law for his proposition and instead, makes a blanket assertion that his Fifth and Sixth Amendment rights will be violated if he is not given access to these documents. *Def.'s Mot., ECF No. 174 at 2-4.* Defendant also alleges that he is "charged with a crime that involves examination of his financial activity" and that "the government has placed emphasis on the receiving [of] money from recruiting fees paid by H2A workers." *Def.'s Mot., ECF No. 174 at 3-4.* Defendant is mistaken.

Contrary to defendant's belief, defendant is not charged with any financial or tax related charges. In fact, none of the charged crimes require proof or contain an element financial in nature. Further, defendant's assertion that the government "has placed great emphasis on the receiving [of] money from recruiting fees paid by the H2A workers" is irrelevant and misplaced. In the indictment, the government alleges that the recruitment fees collected by the defendants were one of the manner and means defendants used furthered the forced labor conspiracy. It would seem that the only possibly relevant tax returns in this case would be 2008, the time period charged in the indictment. Defendant can obtain these tax returns without the Court's assistance

---

[3] It is interesting that defendant is seeking the Court's assistance in obtaining income tax returns for 2011, which the government assumes the defendant has yet to file.

at a cost of $57 by visiting the IRS website. Thus, defendant's motion to have the government produce his income tax records for the past 24 years, which the government does not have in its possession, or in the alternative have the Court pay the costs for him to obtain them should be denied.

II.     Production of Reports of Investigation

In his second motion, defendant requests the government to produce 15 ROIs that defendant claims "contain relevant information, as they are interviews of the government's witnesses and alleged victims in this case." The government is somewhat surprised by defendant's request and his allegation that the "government was not going to produce the reports." *Def.s Mot. ECF No. 176 at 2.* Not only has the government complied with its discovery obligation and provided over 4000 pages of discovery, but the undersigned agreed to provide defendant with some of the requested ROIs.

On December 15, 2011, the undersigned was contacted by defense counsel to discuss several trial related issues, including the production of 15 ROIs which the government had not yet provided. During the conversation, the undersigned agreed to review the ROIs to determine whether they were discoverable as well as counsel's other requests. On December 20, 2011, the undersigned called defense counsel and informed him, amongst other things, that the requested ROIs included "status of investigation" reports, internal requests for assistance and statements of government witnesses, including DR. The government reminded counsel that DR's statement had recently been produced to counsel as potential *Brady*. The undersigned also explained to counsel that the remaining ROIs were not discoverable under Rule 16 of the Federal Rules of Criminal procedure, but would be

provided at trial pursuant to Title 18 USC § 3500.  At no time did time did the undersign state that the government was unwilling to provide *all* ROIs requested by counsel.  Rather, the undersigned acted in good faith and attempted to resolve the issues presented by counsel.  The government remains cognizant of its discovery, *Brady*, *Giglio* and *Jencks* obligations and the Court's standing discovery order.  Defendant also requested an *in camera* review of the ROIs, but again cites no case law or statute in support of its position.  Thus, the government requests defendant's motion to produce all ROIs be denied.

## CONCLUSION

For the reasons stated above, the government respectfully requests that defendant's motions be denied in their entirety.

Respectfully Submitted,

THOMAS E. PEREZ
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION


  */s/ Adriana Vieco*
ADRIANA VIECO
Trial Attorney, Civil Rights Division
Criminal Section
U.S. Department of Justice
New York Bar No. 2687036
601 D Street NW, Room 5542
Washington, DC  20530
(202) 305-4116


  */s/ Roy Conn III*
ROY CONN III
Trial Attorney, Civil Rights Division

Criminal Section
U.S. Department of Justice
District of Columbia No. 388208
601 D Street NW, Room 5528
Washington, DC  20530
(202) 514-4164

## CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system on this 30th day of December 2011, which will send a notice of electronic filing to the following CM/ECF participants: Huntley Johnson, 226 SW 2nd Street, Gainesville, FL 21601, Lloyd L. Vipperman, 15 SE 7th Street, Gainesville, FL 32601 and Darren Johnson, Federal Public Defender's Office, 101 SE 2nd Place, Gainesville, FL 32601.

                                         */s/ Adriana Vieco*
                                          ADRIANA VIECO
                                          Trial Attorney, Civil Rights Division